**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**CARLOS CORDERO JIMENEZ, et al,**
Plaintiff

v.                                                                                          **CIVIL NO. 04-2329 (DRD)**

**THE UNIVERSITY OF PUERTO RICO, et al.,**
Defendants

**OPINION AND ORDER**

The above captioned case is a Civil Rights action filed by Dr. Carlos Cordero Jimenez, a full time professor at the University of Puerto Rico in Humacao, and his family ("plaintiffs") under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1, et seq., for allegedly having been discriminated against by defendants given his well known political affiliation with the New Progressive Party ("PNP"), thus attempting to prevent plaintiff from holding a leadership position in the Humacao campus.  In sum, as best can be interpreted from the *Complaint*, plaintiff is seeking several remedies, to wit: (1) compensatory damages for mental anguish suffered by plaintiff; (2) damages suffered by Dr. Cordero's family; (3) compensatory damages for Dr. Cordero's wife's suffering; (4) punitive damages in an amount equal to the sum awarded for compensatory damages; and (5) injunctive relief – prohibit defendants at all administrative levels form "engaging in any deprivation of Dr. Cordero's rights".  *Complaint*, Docket No. 1.

Pending before the Court is defendants University of Puerto Rico, Mr. Antonio Garcia Padilla, Dr. Maria E. Pena Suarez, Dr. Denise Rodriguez Carrasquillo, Dr. Angel M. Gierbolini, Dr. Angel N. Vega Ortiz, Professor Laura Colon Plumey, Dr. Felix Lebron Algarin, Dr. Roberto Marrero Corletto, Dr. Jesus Colon Colon, Dr. Hilda M. Colon Plumey, Dr. Luz de I. Rivera Cintron, Dr. Raul A. Perez Rivera, and Mr. Jose D. Berrios Cuadrado's ("defendants") *Motion to Dismiss Under Fed.R.Civ.P.*

*12(b)(6) and, in the Alternative, Requesting More Definite Statement Pursuant to Fed.R.Civ.P. 12(e).* (Docket No. 13). Through said request, defendants move the Court to dismiss all claims against them based on the Eleventh Amendment and qualified immunity defenses. They also aver that the action is time-barred and lacks merit. In the alternative, pursuant to Fed.R.Civ.P. 12(e), defendants ask the Court to instruct plaintiffs to make a more definite statement.

## I. MOTION TO DISMISS UNDER RULE 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also* Ronald C. Brown v. Hot, Sexy, and Safer Productions, Inc., 68 F.3d 525 (1st Cir. 1995); Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir.1991). The Court must accept as true all well pleaded factual averments contained in the complaint, while, at the same time, drawing all reasonable inferences from the allegation sin favor of the plaintiff. *See* McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 276, 96 S.Ct. 2574, 2577 (1976); Berríos v. Bristol Myers Squibb Caribbean Corp., 51 F.Supp.2d 61 (D.P.R. 1999); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996);Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994); Correa Martinez v. Arrillaga Belendez, 903 F.2d 49, 51 (1st Cir. 1990); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). However, "because only well pleaded facts are taken as true, we will not accept a complainant's unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).

When opposing a Rule 12(b)(6) motion to dismiss, "a plaintiff cannot expect a trial court to

do his homework for him." McCoy v. Massachusetts Institute of Technology, 950 F.2d 13, 22 (1st Cir. 1991). Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. Id. at 23, *citing* Correa Martinez, 903 F.2d at 52. Thus, Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)). In sum, a claim shall be dismissed under Rule 12(b)(6) **only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief**. Conley v. Gibson, 355 U.S. at 78.

Notwithstanding, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d at 3. The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978). In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim[.]" Id.; *see also* Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998).

A district court's dismissal of a claim under Rule 12(b)(6) is reviewed *de novo* by the appeals court; such court "accept[s] as true all well-pleaded factual averments and indulg[es] all reasonable inferences in the plaintiff's favor." Calderon Ortiz v. Laboy Alvarado, 300 F.3d 60, 62-63 (1st Cir. 2002); SEC v.SG Ltd., 265 F.3d 42, 46 (1st Cir. 2001). Accordingly, "if the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory", any order of dismissal shall be set aside. Calderon Ortiz, 300 F.3d at 63; quoting, Conley v. Gibson, 355 U.S. at 45-46; Aulson v. Blanchard, 83 F.3d at 3.

Finally, "it is well established that affirmative defenses [such as time prescription] may be

raised in a motion to dismiss an action for failure to state a claim". Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)("In the case of the affirmative defense of statute of limitations, dismissal is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time barred".); Aldahonda-Rivera v. Parke Davis and Company, 882 F.2d 590, 592 (1st Cir. 1989)("When a defendant raises an affirmative defense that is obvious on the face of plaintiff's pleadings, and the court makes the ruling based only on those pleadings, the motion is treated as a Rule 12(b)(6) motion to dismiss). In cases in which the affirmative defense is based on the statute of limitations, the Court may grant a motion to dismiss if the pleader's allegations leave no doubt that the asserted claim is time-barred. *See*, Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991); Kali Seafood Inc. v. Howe Corp., 887 F.2d 7, 9 (1st Cir. 1989). *See also* Estate of Alicano-Ayala v. Philip Morris, Inc., 263 F.Supp.2d 311, 315 (D.P.R. 2003).

## II. DISCUSSION

In their motion to dismiss, defendants allege that plaintiffs' insufficient complaint makes an indisputable showing that the present action is time-barred and fails to state a claim for which relief may be granted under the provisions of Section 1981 of the Civil Rights Act, supra, which proscribes discrimination based on race, color, religion, sex, or national origin. Furthermore, they argue that, regardless of the action being time-barred, even if it were not, the Eleventh Amendment bars the instant action against the University of Puerto Rico and its public servants – the other defendants in the case at bar – are equally protected by the doctrine of qualified immunity.

A.  Section 1981 claim:

The plaintiffs in the instant case, as mentioned above, bring forth an action against defendants for political discrimination. However, their complaint only invokes Section 1981 of the Civil Rights Act. Section 1981, in turn, prohibits discrimination due to race. Specifically, it provides that "[a]ll

persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property **as enjoyed by white citizens** [...]". As is evident from the complaint, plaintiffs only make, albeit in an almost unintelligible manner, allegations circumscribed to political discrimination. *See Complaint*, at 5, ¶ 2(d). At no point in the *Complaint* can a cause of action based on racial discrimination be discerned. Consequently, plaintiffs fail to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1981. Accordingly, all averments relating to Section 1981 of the Civil Rights Act, supra, are hereby **STRICKEN** from the record.

B.     Title VII claim:

The action brought forth by plaintiffs under Title VII is specifically alleged under § 2000e-1 of the Civil Rights Act. This section, however, establishes the applicability of the Civil Rights Act regarding employment discrimination based on ethnic (national origin) and on religious discrimination. As may be clearly understood from a simple reading of this statute juxtaposed with the *Complaint*, plaintiffs' claims do not relate in any manner to that set forth by § 2000e-1 of Title VII. Moreover, plaintiffs' almost obscure allegations do not enlighten the Court as to how defendants violated their rights as provided under Title VII. Once again, the Court notes that plaintiffs' allegations fail to state a claim upon which relief may be granted pursuant to Title VII. Consequently, all averments relating to said section are also **STRICKEN** from the record.

C.     Section 1983 claim:

As may be extracted from the *Complaint*, plaintiffs are requesting relief due to defendants' discriminatory acts against Dr. Cordero based exclusively on Dr. Cordero's political beliefs. Such allegations can only be construed under Section 1983 of Title 42 of the United States Code.

Notwithstanding, the instant suit does not, at any point, allude to said applicable statutory provision. On the contrary, as mentioned above, plaintiffs confine their causes of actions to "Title VII of the U.S.Civl Rights Act, 42 U.S.C. Sections 1981, et. seq. (42 U.S.C. 2000 e-1. seq.)". *Complaint*, at 3. Notwithstanding, after a liberal reading of the complaint and, giving plaintiffs the benefit of the doubt by considering their assertions centered on political discrimination under Section 1983 of the Civil Rights Act – statutory provision that has not been raised by plaintiffs – plaintiffs would still fail to state a claim upon which relief may be granted.

The First Circuit Court of Appeals has more than established that the applicable statute of limitations for suits brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitation for personal injury which, in Puerto Rico, is one (1) year. *See* Rodriguez v. P.R. Inst. of Culture, 98 Fed. Appx. 15, 17 (1st Cir. 2004); Ruiz Sulsona v. University of Puerto Rico, 334 F.3d 157, 159 (1st Cir. 2003); Rivera Muriente v. Agosto Alicea, 959 F.2d 349, 353 (1st Cir. 1992); Sanchez v. Autoridad de Energia Electrica, 360 F.Supp.2d 302 (D.P.R. 2005). Once that is established, the Court then applies federal law in order to ascertain when the limitations period of one year began to accrue. Id. In turn, the date of accrual, the First Circuit has established, is the moment when plaintiff knows, or has reason to know, of the injury on which the action is based. It is evident form the *Complaint* that plaintiffs claims are time barred. Plaintiffs themselves admit to having filed a an administrative discrimination claim before the President of the Humacao Campus on October 4, 1999. *See Complaint*, at 6-7, ¶ 3.[1]

---

[1] Even in his opposition to defendants' motion to dismiss, plaintiff reiterates said allegation. "As herein said before the claims alleged in the complaint was [sic] already presented in a valid discrimination claim on [sic] 1999 against the Rector [sic] of the University of Puerto Rico, Humacao Campus, but no action took place. Over five (5) years of wait is a long time to wait." *Opposition to Motion to Dismiss*, at 7, §21.
   There is no evidence whatsoever as to an EEOC claim having been administratively filed at the Anti-Discrimination Unit as required pursuant to federal law under Title VII. There is, obviously, no EEOC right to sue letter either. As to the Section 1983 claim, the law does not require exhaustion. However, there is no valid interruption to the Section 1983 claim. First, the Section 1983 claim is a lawsuit against the defendants in their personal capacity. There is no proof on the record or any allegation that defendants were notified in their personal capacity as to the administrative charge. *See* Leon Nogueras v. U.P.R., 964 F.Supp. 585, 587 (D.P.R. 1997) (holding

Consequently, plaintiffs were aware of their injury no later than said date – five (5) years and two (2) months before the date of the filing of the *Complaint* before this Court. Furthermore, there are no allegations in the complaint or other pleadings averring that the one year after accrual date prescriptive period had been interrupted or extended.

Once more, plaintiffs' allegations leave no doubt that their asserted claims are time barred. Hence, the Court sees no other alternative than to **STRIKE** from the record all claims based on political discrimination.

### III.  CONCLUSION

Based on the aforementioned reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' claims against defendants under Title VII, 42 U.S.C. § 2000e-1, 42 U.S.C. § 1981, and for political discrimination are hereby **DISMISSED WITH PREJUDICE**.[2]

Judgment will be issued accordingly.

**IT IS SO ORDERED.**

Date: May 24, 2005

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

that the notice must be addressed to the passive subject of the right); *see also* Rodriguez Narvaez v. Nazario, 895 F.2d 38, 41-42 (1st Cir. 1990). Second, the claim must be requesting the same conduct or relief sought in the subsequent lawsuit. Plaintiffs' have failed to allege that the administrative claim was against the individual defendants and request the same relief. *See* Leon Nogueras, Id.; *see also* Padilla Cintron v. Rosello Gonzalez, 247 F.Supp.2d 48, 55 (D.P.R. 2003) ("The normal effect of a single extrajudicial claim, such as an administrative charge, is to toll the statute of limitations and thus to start it running again. However, the court notes that the pendency of administrative proceedings does not prevent the period from running."). Moreover, the Court notes that in Johnson v. Railway Express Agency, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Supreme Court determined that an administrative action under EEOC fails to toll action under 42 U.S.C. § 1981 arising out of same facts as the charge.

[2] The dismissal is **WITHOUT PREJUDICE** as to the dormant administrative claim described in the *Complaint* at 6, ¶3.